ELIAS W. VAN VOORHIS AND MARIA L. VAN VOORHIS AS EXECUTORS, &c., OF ELIAS W. VAN VOORHIS, DECEASED, PLAINTIFFS AND APPELLANTS, *v.* SARAH A. BRINTNALL AND ROSE VAN VOORHIS, DEFENDANTS, AND APPELLANTS, AND ELLA THIERS AND ELIAS WILLIAM VAN VOORHIS, DEFENDANTS AND RESPONDENTS.

*Marriage in another State, of one against whom a judgment for divorce has been obtained in this State—when it is invalid—right of a wife procuring a divorce, to share in her husband's estate.*

The plaintiffs' testator devised and bequeathed all the rest, residue and remainder of his property, both real and personal, to his executors in trust, to collect and receive the rents, issues and profits thereof, during the life of his widow, and to pay two-ninths of the net income to his son, Barker Van Voorhis, except $800 thereof, which was to be annually paid out for the support and education of Ella and Elias, two children of Barker's, until they should attain the age of twenty-one years; upon the death of his wife, he gave all his property, real, personal and mixed, to his children, to be divided equally between them, share and share alike, the issue of any deceased child to take the share his, her or their parent would have taken if then living. At the time of the testator's death, Barker Van Voorhis was married to Elizabeth Van Voorhis, by whom he had the two children named in the will. Thereafter the said Elizabeth Van Voorhis procured, in an action brought in this court, a divorce from her husband, on account of his adultery. After the entry of the judgment for divorce, Barker Van Voorhis and one Ida Schroeder left the State of New York, with intent to evade the laws thereof, and went into the State of Connecticut, and were there married according to the laws of that State. Thereafter, and during the life of his mother, Barker Van Voorhis died, leaving two children by his first, and one by his second marriage.

In an action brought to procure a construction of the will,—*Held,* that the marriage contracted in Connecticut was void.

That the income accruing during the life of the widow of the testator on Barker's share, went, after his death, to his first wife Elizabeth and his two legitimate children.

That on the death of the widow of the testator, Barker's share went to his two legitimate children.

APPEAL from a judgment entered upon the trial of this action at Special Term. The action was brought to procure a construction of the will of one Elias W. Van Voorhis, deceased.

His will contained, among others, the following provisions:

"*Third.*—I give, devise and bequeath all the rest, residue and remainder of my property, both real and personal, and wheresoever the same may be situated, which may remain after payment of my debts and after the above devise and bequest to my wife, to my executors hereinafter named. In trust nevertheless, and for the uses and purposes hereinafter mentioned and provided, viz.: That they shall collect and receive the rents, interest, income, and profits thereof as the same shall from time accrue and become payable, and shall pay all taxes, assessments and other charges thereon, and also the reasonable and proper charges for repairs and insurance of my real estate. That after paying all necessary charges and expenses they shall pay and apply the net income collected and received from all my property so given to them in trust as follows, viz.:

"*Second.*—Two ninth parts thereof for the benefit of my son Barker Van Voorhis, as follows: The sum of eight hundred dollars to be annually paid out and expended by my executors for the support and education of Ella Van Voorhis and Elias William Van Voorhis, children of my said son—four hundred dollars for each— until said children shall respectively reach the age of twenty-one years. The remainder of said two ninth parts of the said net income to be paid to my said son Barker Van Voorhis. . . . .

"*Sixth.*—Upon the death of my said wife I give, devise and bequeath all my property, real, personal, and mixed, and wheresoever this same may be situated, to my children hereinbefore named, to be divided equally between them, share and share alike. The issue of any deceased child to take the share his, her, or their parent would have taken, if then living. Should any of my children die before my said wife, leaving no issue him, her or them surviving, then I give, devise and bequeath the share of such deceased child to his or her brothers and sisters him, her or them surviving, share and share alike."

Barker Van Voorhis, mentioned in the said last will and testament, departed this life on the 27th day of February, 1880, Maria

L. Van Voorhis, upon whose life the trusts therein provided for depended, being then and yet living. At the time of the death of the said Elias W. Van Voorhis the said Barker Van Voorhis was married to one Elizabeth Van Voorhis, by whom he had the two children mentioned in the said last will and testament.

Thereafter, the said Elizabeth Van Voorhis, who is still living, commenced an action against the said Barker Van Voorhis, in this court, in which the said Elizabeth duly obtained judgment against the said Barker, whereby, among other things, it was adjudged that the marriage between the said two parties should be dissolved, and that the same was thereby dissolved accordingly, and that the said parties were, and each of them should be, freed from the obligation thereof. And it was therein further adjudged, " that it should be lawful for the said Elizabeth Van Voorhis, the plaintiff, to marry again, in the same manner as if the said Barker Van Voorhis, the defendant, was actually dead; but it shall not be lawful for the said Barker Van Voorhis, the defendant, to marry again until the said Elizabeth Van Voorhis," the plaintiff, " shall be actually dead."

After the entry of the aforesaid judgment the said Barker Van Voorhis departed from the State of New York, with the intent to evade the laws thereof, and at the city of New Haven, in the State of Connecticut, was married to one Ida Schroeder. Thereafter the defendant, Rose Van Voorhis, was born, the issue of the said marriage between the said Barker Van Voorhis and his said wife Ida, within the State of New York. The defendants, Elias William Van Voorhis and Rose Van Voorhis, are infants, the former aged eighteen years, the latter five years.

*Geo. W. Stephens,* for the plaintiffs, appellants.

*W. J. Foster,* for defendant Sarah A. Brintnall, appellant.

*J. K. Aymar,* guardian *ad litem* for defendant Rose Van Voorhis, appellant.

*Richard Busteed,* guardian *ad litem* for Elias William Van Voorhis, defendant, respondent.

*Richard Busteed, Jr.,* for Ella Thiers, defendant and respondent.

GILBERT, J. :

The question respecting the validity of the marriage of the parents of the infant defendant, Rose Van Voorhis, was decided in *Marshall* v. *Marshall* (2 Hun, 238). Upon the principle of *stare decisis* we cannot do otherwise than follow that decision. (*Harris* v. *Clark*, 2 Barb., 101; *People* v. *Tredmay*, 3 Id., 470; *Loring* v. *United States Vulcanized, &c. Co.*, 30 Id., 644; *Barnes* v. *Ontario Bank*, 19 N. Y., 165.) The consequence is that said infant is not included in the term "children" in the second clause, nor in the term "child" in the sixth clause of the testator's will.

The death of Barker Van Voorhis, in the life-time of the widow of the testator, leaving issue, has left the income from that portion of the testator's property which was devised to the executors in trust for his benefit (except $400) undisposed of, and such income belongs to the persons presumptively entitled to the next eventual estate in such property. (1 R. S., 726, § 40; Id., 773, § 2.) Those persons are his widow and legitimate children. The judgment, we think, correctly determined their interests. It is objected that Elizabeth Van Voorhis is not entitled as widow to anything besides dower in her former husband's real estate. She is still, in contemplation of law as respects this controversy, his widow, notwithstanding the decree of divorce in her favor and her subsequent re-marriage. (*Wait* v. *Wait*, 4 N. Y., 95.) Consequently the statute of distributions applies to her in like manner as the statute of dower. The former statute gives one-third part to the widow, and the latter provides that a widow shall be endowed of one-third part. The estate devised to Barker Van Voorhis was a vested remainder. Upon his death his widow became entitled to dower in that estate and to one-third of his personal estate. One-third of the income from each description of property, therefore, belongs to her.

The judgment should be affirmed, with costs to all parties to this appeal, to be paid out of the trust estate.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, costs to all parties out of trust estate.